# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X

KAZEEM A. ATANDA,

                    Plaintiff/Petitioner,

      - against -                                 Index No. 524809/2017

                    Defendant/Respondent.
----------------------------------------------------------------X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as allowed by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      **1) Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

      **2) Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented litigant may consent to participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 12/26/2017

_____
Signature

STEVEN SHAKHNEVICH, ESQ.
Name

SHAKHNEVICH LAW GROUP P.C.
Firm Name

1733 SHEEPSHEAD BAY ROAD, SUITE 45
Address

BROOKLYN, NY 11235

(347) 308-7000
Phone

STEVEN@LAWFIRM-NY.COM
E-Mail

To: THE CITY OF NEW YORK

100 CHURCH STREET

NEW YORK, NY 10007

New York Police Department
1 Police Plaza
New York, NY 10007

(The Port Authority of New York and New Jersey
150 Greenwich Street
New York, NY 10007)

9/3/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
KAZEEM A. ATANDA,

                        Plaintiff(s),

    - against -

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT, THE PORT
AUTHORITY OF NEW YORK AND NEW JERSEY,
POLICE OFFICERS JOHN AND JANE "DOE" 1, 2, 3,

                        Defendant(s)

-----------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff's designate Kings
County as place of trial

**SUMMONS**
Basis of Venue is:
Plaintiff's Place of Residence

Plaintiff's Residence is:
1483 Sterling Place, Apt 2
Brooklyn, NY 11213

**To the above named Defendant(s)**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       December 26, 2017

                                          Yours etc.,

                                          STEVEN SHAKHNEVICH, ESQ.
                                          **SHAKHNEVICH LAW GROUP, P.C.**
                                          *Attorneys for Plaintiff*
                                          1733 Sheepshead Bay Road, Ste 45
                                          Brooklyn, NY 11235
                                          (347) 308-7000
                                          (347) 308-5252 – fax
                                          Steven@lawfirm-ny.com

*[Port Authority of NY & NJ, Office of the Secretary stamp: 2018 JAN 23 P 1:31]*

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1
INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

Defendants' Address:

The City of New York
100 Church Street
New York, NY 10007

New York Police Department
1 Police Plaza
New York, NY 10007

The Port Authority of New York and New Jersey
150 Greenwich Street
New York, NY 10007

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

KAZEEM A. ATANDA,

                                        Plaintiff(s),

- against -

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT, THE
PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, POLICE OFFICERS JOHN
AND JANE "DOE" 1, 2, 3,

                                    Defendants(s).

Index No.:
Date Filed:

**VERIFIED COMPLAINT**

---

       Plaintiff, KAZEEM A. ATANDA, by his attorneys, SHAKHNEVICH LAW GROUP, P.C, complaining of the defendants, respectfully says and alleges, upon information and belief as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION

       1.    Plaintiff is a resident of County of Kings, City and State of New York, residing at 1483 Sterling Place, Brooklyn, NY 11213.

       2.    Upon information and belief, at all times hereinafter mentioned, defendant, CITY OF NEW YORK ("City"), was and still is a municipal corporation duly organized and existing under and by virtue of the law of the State of New York.

       3.    Upon information and belief, at all times hereinafter mentioned, defendant, NEW YORK CITY POLICE DEPARTMENT ("Department"), was and still is an agency of the defendant, CITY OF NEW YORK, with headquarters at One Police Plaza, New York, New York.

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1
INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

4. Upon information and belief, at all times hereinafter mentioned, defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("Authority"), was and still is a governmental agency duly existing under and by virtue of the laws of State of New York and State of New Jersey.

5. Upon information and belief, at all times hereinafter mentioned, defendants, City, Department and Authority, managed, controlled, maintained and supervised, its servants, agents, employees, officers, detectives, investigators and staff.

6. That on or about September 26, 2016, at approximately 6:00 a.m., while plaintiff, KAZEEM ATANDA, was rightfully and lawfully making his way through customs control stations at the John F. Kennedy International Airport, defendants, by their servants, agents, employees, officers, detectives, investigators and staff, engaged in conduct designed to harass the plaintiff, and to wrongfully, falsely and tortuously prosecute the plaintiff.

7. That defendants, by their servants, agents, employees, officers, detectives, investigators and staff, maliciously intentionally and without warrant or probable cause, forcibly detained the plaintiff and restrained him from his liberty, conducted an illegal search of the plaintiff's person and his immediate surroundings, forcibly grabbed the plaintiff by the neck, viciously handcuffed him without any right, privilege or authority to do so; used unnecessary and excessive force; and otherwise mistreated and abused him, causing significant bodily harm and emotional distress to the plaintiff.

8. That defendants, by their servants, agents, employees, officers, detectives, investigators and staff fabricated false facts against that plaintiff, KAZEEM A. ATANDA, resulting in false arrest, false imprisonment and malicious prosecution of the plaintiff.

9. That defendants, by their servants, agents, employees, officers, detectives, investigators and staff, committed assault, battery and harassment against the plaintiff.

10. That defendants, by their servants, agents, employees, officers, detectives, investigators and staff, repeatedly and maliciously violated plaintiff's rights guaranteed by the United States and New York State Constitutions in that defendants by their servants, agents, employees, officers, detectives, investigators and staff apprehended the plaintiff, KAZEEM A. ATANDA, without any suspicion or probable cause; in that defendants conducted an illegal search of the plaintiff's person; that the defendants, by their servants, agents, employees, officers, detectives, investigators and staff forcibly grabbed plaintiff by the neck and viciously handcuffed him without any probable cause ; that the aforementioned acts were committed with intent to inflict bodily harm and emotional injuries upon the plaintiff.

11. That the defendants, by their servants, agents, employees, officers, detectives, investigators and staff were negligent, careless and reckless in the management and supervision of its personnel, staff, employees, detectives and/or police officers; in failing to promulgate and enforce rules and regulations, sufficient to ensure that police officers do not exceed the scope of their authority during law enforcement operations; in failing to implement adequate procedure for hiring and credentialing police officers and detectives; in failing to ensure compliance with laws and status pertaining to identification, apprehension and prosecution of suspects, and in failing to undertake such other measures as are reasonably necessary to protect the general public, and the plaintiffs in particular, all of which acts and/or omissions were a direct and proximate cause of the damages sustained by the plaintiff herein.

12. That the respondents repeatedly and maliciously violated plaintiff's rights guaranteed by the United States and New York State Constitutions in that defendants apprehended the plaintiff without any suspicion or probable cause; in that the aforementioned acts were committed

-3-

with intent to inflict bodily harm and emotional injuries upon the plaintiff; that the defendants were negligent, careless and reckless in the management and supervision of its personnel, staff, employees, detectives and/or police officers; in failing to promulgate and enforce rules and regulations, sufficient to ensure that police officers do not exceed the scope of their authority to apprehend suspects; in failing to implement adequate procedure for hiring and credentialing police officers and detectives; in failing to ensure compliance with laws and status pertaining to identification, apprehension and prosecution of suspects; in failing to properly execute their law enforcement duties, and in failing to undertake such other measures as are reasonably necessary to protect the general public, and the plaintiff, KAZEEM A. ATANDA, in particular, all of which acts and/or omissions were a direct and proximate cause of the damages sustained by the plaintiff.

13. That defendants, by their servants, agents, employees, officers, detectives, investigators and staff, intentionally and falsely prosecuted the plaintiff without reasonable grounds or probable cause to do so.

14. On or about November 15, 2016, and within ninety (90) days after the claim herein arose, a Notice of Claim was duly served upon the defendants, setting forth:

    1. The name and post office address of the claimant and their attorneys;

    2. The nature of the claim;

    3. Time when, place where, and the manner in which the claim arose;

    4. The items of damage and injury claimed to have been sustained insofar as practical.

15. More than thirty (30) days have elapsed since the presentation of these claims, and the defendants have not adjusted the same.

-4-

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1
INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

16. That by reason of the foregoing, the plaintiff KAZEEM A. ATANDA, has been damaged in the amount in excess of the monetary limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats, reiterates and religious each and every allegation contained in paragraphs "1" through "16", with the same force and effect as if more fully set forth herein at length.

18. The defendants, by their servants, agents, employees, officers, detectives, investigators and staff assaulted and battered the plaintiff, KAZEEM A. ATANDA, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed plaintiff and caused him serious physical injuries.

19. The aforementioned defendants repeatedly threatened plaintiff with the possible use of firearms and weapons and the use of physical force; in that they continued to assault and batter the plaintiff and to imprison plaintiff without any conduct on the part of the plaintiff to justify the defendants' conduct.

20. That all of the actions of the defendants, their agents servants, and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonment were not otherwise privileged.

21. That the arrest and imprisonment were not justified by the probable cause or other legal privilege; defendants, their agents, servant and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely charged the plaintiff with

-5-

violating section of the Penal Law although the defendants, acting in such capacity, knew that such charges were false.

22. The defendants, by their servants, agents, employees, officers, detectives, investigators, in a hostile and/or offensive manner threatened, touched and beat the plaintiff without his consent and with the intention of causing harm and/or offensive bodily contact to the plaintiff, all without warrant, probable cause or any lawful cause whatsoever.

23. The defendants, by their servants, agents, employees, officers, detectives, investigators failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents and servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public, including the plaintiff; in that they exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

24. The defendants failed to hire, train, supervise, discipline or in any other way control their officers and detectives, in the exercise of their functions; in that their failure to enforce the laws of the State of New York and the City Of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including the plaintiffs herein.

25. That the defendants instituted procedures and policies which are in violation of the constitutional rights of the plaintiffs; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statute, ordinances, regulations, customs and usages of the State of New York,

-6-

the City of New York, and the County of New York, and under the authority of their office as police officers for said city and county.

26. Plaintiff, KAZEEM A. ATANDA, did not commit any illegal act, either before or at time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of him constitutional rights as set forth in the Constitution of the United States, under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, Title 28 U.S.C. Sections 1331, 1343, 1367, 2002 and Title 42 U.S.C. Section 1982, 1983 and 1985.

27. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff, KAZEEM A. ATANDA, was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in Criminal Court in the City of New York, County of New York, and to undergo criminal proceedings.

28. That as a result of all criminal proceedings wrongfully initiated against plaintiff, KAZEEM A. ATANDA, all charges against the plaintiff were dismissed and plaintiff was fully acquitted of all said criminal charges.

29. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendants were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

30. That during all times hereinafter mentioned, the defendants police officers and each of them, separately, and in concert, acted under the color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, and deprived plaintiff

-7-

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

of the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

31. The Police officers of the defendant the City of New York and its individual members who are agents, servants and employees of defendants, together with persons unknown to the plaintiff, acting under color of the law, have subjected the plaintiff to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly in the police precinct in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff, and other citizens by the Constitution of the United States.

32. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff, and other citizens by the members of the police department of defendant The City of New York, acting in concert with persons unknown to plaintiff and under color of the law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

33. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

34. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:

-8-

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

1. The right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

2. The right of the plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

3. The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws Secured by the Fourteenth Amendment to the Constitution of the United States.

35. That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery and malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided to him in the Constitution of the United States of America, and provided to the in the Constitution of the State of New York, and the laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. Section 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff, thereof to be deprived of his rights, privileges or immunities received or immunities received by the constitution and the laws of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff.

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1
INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

36. That by reason of the aforesaid intentional assault and battery, the false arrest and imprisonment, malicious prosecution and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

37. That by reason of the foregoing, the plaintiff, KAZEEM A. ATANDA, was damaged in an amount which exceeds the jurisdictional limits of all lower courts and is also entitled to punitive and exemplary damages in an amount to be proved at the time of trial.

**WHEREFORE**, plaintiff demands judgment in the First and Second Causes of Action, in an amount in excess of the monetary limits of all lower courts which would otherwise have jurisdiction.

Dated: New York, New York
December 26, 2017

Very Truly Yours,

STEVEN SHAKHNEVICH, ESQ.
SHAKHNEVICH LAW GROUP, PC
*Attorney(s) for Plaintiff*
1733 Sheepshead Bay Road, Suite 45
Brooklyn, NY 11235
(347) 308-7000
(347) 308-5252 (f)

FILED: KINGS COUNTY CLERK 12/26/2017 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 524809/2017
RECEIVED NYSCEF: 12/26/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

KAZEEM A. ATANDA,

                         Plaintiff(s),

- against -

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT, THE PORT
AUTHORITY OF NEW YORK AND NEW JERSEY,
POLICE OFFICERS JOHN AND JANE "DOE" 1, 2, 3,

                         Defendant(s).

---

## SUMMONS & COMPLAINT

SHAKHNEVICH LAW GROUP, P.C.
Attorney for Plaintiff(s)
1733 Sheepshead Bay Rd. Suite 45
Brooklyn, NY 11235
(347) 308-7000

---

Service of a copy of the within                      is hereby admitted.

Dated.

                                                                                       *Attorney(s) for defendant(s)*

---

CERTIFICATION OF ATTORNEY

    **CERTIFICATION:** I hereby certify that all of the papers that I have served, filed or submitted to the court in this action are not frivolous as defined in subsection (s) of Section 130-1.1 of the Rules of the Chief Administrator of the Courts.

Dated: December 26, 2017

                                                                            STEVEN SHAKHNEVICH, ESQ.